|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |

In re:

CHELSEA NY APT LLC,

              Debtor.

Case No. 25-10652 (DSJ)
Chapter 7

## DECISION GRANTING CHAPTER 7 TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO SECTION 707(a)(1) OF THE BANKRUPTCY CODE

**APPEARANCES:**

**TARTER KRINSKY & DROGIN LLP**
*Interim Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, NY 10018
By:   Deborah J. Piazza

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

### BACKGROUND

      Before the Court is the Chapter 7 Trustee's motion to dismiss the bankruptcy case. The motion was properly noticed, no objection, opposition, or response was filed or made known to the Court, and the Court conducted a hearing on July 17 at which no one appeared. The Court briefly went on the record after waiting five minutes beyond the scheduled hearing time to note the lack of appearances, and to state that an opinion would be forthcoming on the papers, the parties having had notice and an opportunity to be heard.

      For reasons stated below, the motion to dismiss is granted.

      Chelsea NY APT LLC ("**Debtor**") voluntarily filed a Chapter 7 bankruptcy petition on April 4, 2025. *See* ECF 1. The Debtor is a single asset real estate business, with property located at 140 7th Avenue, New York, NY 10011. *See id.* It appears that Debtor's filing was precipitated by an impending foreclosure action or sale.

Debtor's mortgage lender promptly sought relief from the automatic stay, and on June 5, 2025, having considered an unopposed motion, the Court granted Wells Fargo Bank, the secured creditor of the Debtor that held a mortgage on the property, relief from the automatic stay, thereby permitting it to foreclose on the mortgage. *See* ECF No. 8. The Court lifted the stay in accordance with 11 U.S.C. § 362(d)(1) "for cause, including the lack of adequate protection of an interest in property of such party in interest . . . " and (d)(2) "with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

The Interim Chapter 7 Trustee, Deborah Piazza ("**Chapter 7 Trustee**"), filed the Motion to Dismiss the Chapter 7 Case ("**Motion**") on June 18, 2025. *See* ECF No. 9. According to the Motion, as confirmed by review of the docket sheet, the Debtor has failed to file any schedules (except Schedule D) and the Statement of Financial Affairs. *Id.* at ¶ 3. Additionally, the Debtor failed to attend the scheduled 341(a) Meeting which was held on May 14, 2025. *Id.* at ¶¶ 5–6. Notice of the meeting was sent to the Debtor on April 4, 2025. *See* ECF No. 3 at 3. Debtor, a corporation, also is impermissibly proceeding without retained counsel. As the Motion puts it: "The Trustee submits that Debtor's failure to appear at the § 341 Meeting and Debtor's failure to file Schedules (except Schedule D) and a Statement of Financial Affairs, and the Debtor's failure to retain counsel, constitute cause for dismissal of the Debtor's case, including unreasonable delay by the Debtor [that] is prejudicial to creditors." *See* ECF No. 9 at ¶ 15.

## LEGAL STANDARD

Section 707(a) of the U.S. Bankruptcy Code states that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). Cause can include:

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

*Id.* Section 521(a) states that the debtor must file a schedule of assets and liabilities and statement of financial affairs, unless the court has otherwise ordered. *Id.* at § 521(a).

Case law explains that "[c]ause is not defined under the Code, but courts considering dismissal agree that cause minimally requires a debtor's creditors not be prejudiced." *In re Asset Resol. Corp.*, 552 B.R. 856, 862 (Bankr. D. Kan. 2016) (citation omitted). "[T]he legislative history makes it clear that the three subsections of § 707(a) are merely illustrative, rather than exclusive, examples of cause." *In re Cleland*, 150 B.R. 63, 65 (Bankr. D. Kan. 1992). Thus, "[t]he determination of 'cause' under § 707(a) will typically depend on the totality of the circumstances." *In re Kaur*, 510 B.R. 281, 285 (Bankr. E.D. Cal. 2014).

## DISCUSSION

Cause exists to dismiss this case. The Motion and the case's record show numerous serious deficiencies in Debtor's conduct of the case, causing delay in the case's administration to the actual or potential prejudice of creditors. Among these are that, to date, the Debtor has failed to file Schedules (except Schedule D); has failed to file a Statement of Financial Affairs; has failed to retain counsel; and has failed to appear for the § 341 Meeting. *See* ECF No. 9 at ¶ 12. Debtor has been given appropriate notice and an opportunity to be heard regarding this Motion. *See* ECF Nos. 9, 10. The Chapter 7 Trustee has demonstrated that "cause" exists to dismiss Debtor's case pursuant to § 707(a) as Debtor has unreasonably delayed the case prejudicially to creditors.

Additionally, dismissal is in the best interests of creditors because the only creditor listed on Debtor's petition is Wells Fargo—a creditor with an undersecured claim and a creditor for which the Court has already lifted the stay so that it can pursue its state-court remedies. *See* ECF No. 1, Schedule D; *see also* ECF No. 8. That leaves no other known creditor who could benefit from keeping the case alive in this Court.

## CONCLUSION

For the forgoing reasons, the Motion is GRANTED. The Chapter 7 Trustee is to submit a proposed order in Word format to chambers to effectuate this ruling. The time to appeal will begin running upon entry of that order.

**SO ORDERED.**

Dated: New York, New York
      July 17, 2025

                                            _s/ David S. Jones_
                                            Honorable David S. Jones
                                            United States Bankruptcy Judge